815 A.2d 1002 (2003)
357 N.J. Super. 468
STATE of New Jersey, Plaintiff-Respondent,
v.
Javier J. LOZADA, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Submitted January 22, 2003.
Decided February 13, 2003.
Yvonne Smith Segars, Public Defender, attorney for appellant (Susan Brody, Assistant Deputy Public Defender, of counsel and on the brief).
Peter C. Harvey, Acting Attorney General, attorney for respondent (Jafer Aftab, Deputy Attorney General, of counsel and on the brief).
Before Judges PRESSLER, WALLACE, JR. and CIANCIA.
The opinion of the court was delivered by PRESSLER, P.J.A.D.
Following a competency hearing resulting in the determination that defendant Javier J. Lozada was competent to stand trial, defendant was tried and found guilty by a jury of third-degree stalking, N.J.S.A. 2C:12-10c, and fourth-degree violation of a domestic violence restraining order, N.J.S.A. 2C:29-9b. He was sentenced to a three-year probationary period subject to a 90-day jail term and required mental health evaluations. Defendant appealed, and the trial court stayed the custodial *1003 portion of the sentence pending appeal. We now reverse.
The charges against defendant arose out of his five-month relationship with the victim. The couple dated for two months and lived together for three months. The victim then terminated the relationship. Several months thereafter, on April 8, 1999, the victim, because of defendant's conduct towards her after the breakup, obtained a domestic violence restraining order against him. The nature of that conduct was not specified. Thereafter, according to the State's case, defendant stalked the victim at various times between May 12, 1999, and June 20, 1999. That conduct was the basis of both charges brought against him.
In challenging the judgment of conviction, defendant raises the following issues:
I. THE COURT COMMITTED REVERSIBLE ERROR IN ITS REFUSAL TO SEVER THE TWO COUNTS OF THE INDICTMENT FOR TRIAL.
II. BECAUSE, CONTRARY TO THE COURT'S FINDING, DEFENDANT WAS NOT MENTALLY COMPETENT IN SEPTEMBER OF 2001 TO STAND TRIAL, HIS CONVICTIONS MUST BE REVERSED AND THE MATTER REMANDED FOR A NEW HEARING TO DETERMINE HIS PRESENT LEVEL OF COMPETENCY.
III. IN ELICITING EXTREMELY DAMAGING TESTIMONY FROM THE VICTIM ON CROSS-EXAMINATION, AND THEN COMPOUNDING THE ERROR BY REQUESTING THE COURT NOT TO PROVIDE THE JURY WITH A LIMITING INSTRUCTION REGARDING THAT TESTIMONY, TRIAL COUNSEL FELL BELOW MINIMAL STANDARDS OF PROFESSIONAL COMPETENCE. (Not Raised Below)
IV. THE PROSECUTOR CREATED REVERSIBLE ERROR BY REPEATEDLY INVITING THE JURORS DURING HER SUMMATION TO IMAGINE THEMSELVES IN THE PLACE OF THE VICTIM. (Not Raised Below)
We agree with defendant that the court erred in failing to sever the charges of stalking and contempt of a restraining order. In reaching this conclusion, we rely on the Supreme Court's decision in State v. Chenique-Puey, 145 N.J. 334, 678 A.2d 694 (1996), in which a domestic violence restraining order had been entered against the defendant. He was thereafter charged with contempt of that order and with the underlying crimes that constituted violation thereof. The Court made clear that the existence of a restraining order, an element of the contempt offense but not of the underlying crimes, is nevertheless construable by the jury as other-crimes evidence demonstrating defendant's propensity to commit the substantive offense with which he was charged in violation of N.J.R.E. 404(b) or which may lead the jury to conclude that defendant, in respect of the underlying criminal offense, acted in conformity with prior behavior in violation of N.J.R.E. 404(a). Id. at 342, 678 A.2d 694. Moreover, as the Court pointed out, because the restraining order is not an element of the underlying crimes, the jury need not be apprised of its existence in trying the underlying crimes. Thus, in order to avoid the prejudice to defendant resulting from the jury's knowledge of the restraining order when it tries the underlying crimes, the Court mandated a severance in these circumstances, directing that "[i]n the future, trial courts should sever *1004 and try sequentially charges of contempt of a domestic-violence restraining order and of an underlying criminal offense when the charges arise from the same episode." Id. at 343, 678 A.2d 694. The Court expressly relied on the same principles of fairness and avoidance of undue prejudice that impelled it to require severance of the crimes of possession of a weapon by a convicted person from the other crimes with which the defendant is tried. See State v. Ragland, 105 N.J. 189, 519 A.2d 1361 (1986).
Application of the severance procedure dictated by Chenique-Puey is, however, problematical where the underlying criminal offense is stalking. N.J.S.A. 2C:12-10b defines that crime as follows:
A person is guilty of stalking, a crime of the fourth degree, if he purposely and repeatedly follows another person and engages in a course of conduct or makes a credible threat with the intent of annoying or placing that person in reasonable fear of death or bodily injury.
Pursuant to N.J.S.A. 2C:12-10c, stalking is a crime of the fourth degree unless committed in violation of a restraining order, in which case it is a crime of the third degree. Stalking is also a crime of the third degree if it is a second or subsequent such offense, N.J.S.A. 2C:12-10d, or if committed while the defendant is serving a term of imprisonment or is on probation or parole, N.J.S.A. 2C:12-10e. Here, defendant was charged with third-degree stalking based on his alleged violation of the restraining order. Consequently, the restraining order was as much an element of the underlying criminal offense of thirddegree stalking as it was of the contempt crime. Nevertheless, the same considerations that led the Supreme Court to require severed sequential trials of the underlying crime and the contempt clearly apply as well to the trial of third-degree stalking. That is to say, the jury's knowledge that there has been a restraining order is likely to prejudice defendant's right to a fair trial of the issue of whether he is guilty of conduct constituting stalking.
A solution to this apparent dilemma has been proposed by the Supreme Court's Committee on Model Criminal Jury Charges. The Committee revised the model charge on August 13, 1999, both to conform with the amendments of N.J.S.A. 2C:12-10 effected by L. 1999, c. 47, and, expressly, to comply with the directive of Chenique-Puey. Thus the Committee advised by footnote that where the degree of the stalking offense is in question, the issue of whether there was stalking as defined by N.J.S.A. 2C:12-10b should be tried first without reference to any element, including a restraining order, that would elevate the fourth-degree crime to a third-degree crime. If the defendant is found guilty of stalking, then the trial court should "try the issue of degree before the same jury sequentially; first taking whatever additional proofs are necessary, then charging the jury" appropriately as to the element elevating the crime to third degree.
We fully endorse the approach of the Model Criminal Charge Committee. We further point out that if the basic fourthdegree stalking offense is tried first, we see no objection based on N.J.R.E. 404 or other considerations of fairness to the sequential trial of the degree of stalking being joined with the trial of the contempt charge since the prior issuance of the restraining order is a common element of both and is, therefore, evidence necessary to both. See, e.g., State v. Pitts, 116 N.J. 580, 601-602, 562 A.2d 1320 (1989) (severance of crimes for trial is unnecessary where the evidence of one is admissible in the trial of the other).
*1005 The trial court was aware both of Chenique-Puey and the Model Charge Committee's recommendation that sequential trials of the stalking offense be conducted when degree is in issue. It nevertheless chose to deny the severance motion on the ground that if the issue of domestic violence was not in the case, a full and fair voir dire of the prospective jurors would be hampered. We disagree. Because the relationship between defendant and the victim of the stalking was such as to invoke the protections of domestic violence legislation, the jurors could have been interrogated, to the extent relevant, about their personal or family experiences with domestic violence without regard to the prior issuance of the restraining order. We are satisfied that an effective voir-dire interrogation can also be fashioned if the elevation of fourth-degree stalking to a third-degree crime is based on one of the other statutory circumstances.
Finally, we think it plain that because of the required severance, the contempt conviction as well as the stalking conviction must be reversed. The contempt conviction was based on the stalking, and defendant did not receive a fair trial on that charge because it was tainted by the evidence of the restraining order. If the conviction of the underlying crime must be reversed, then so must the conviction of contempt because the criminal conduct supporting each conviction was identical.
We find insufficient merit in defendant's remaining contentions. R. 2:11-3(e)(2). There was sufficient psychiatric evidence to support the court's finding that defendant was competent to stand trial, and we affirm the ensuing order substantially for the reasons stated by the trial judge. The argument respecting ineffective assistance of counsel is mooted by a severance on retrial. Nor do we find prosecutorial error in the summation. We assume, moreover, that the prosecutor, on the retrial, will observe the required parameters of prosecutorial argument.
The judgment of conviction is reversed, and we remand for severed sequential trials in accordance with this opinion.